HATFIELD *v.* KRUEGER.

[No. 14,709. Filed December 19, 1933. Rehearing denied March 16, 1934.]

*Harry D. Hatfield,* for appellant.

*Charles B. Clarke* and *Walter C. Clarke,* for appellee.

SMITH, J.—Appellee brought this action against appellant upon a complaint in one paragraph, alleging that she employed appellant as her attorney to prosecute a claim against an estate, for which she agreed to pay him for his services as her attorney a sum equal to fifty per cent of the amount recovered; that, thereafter, appellant collected on said claim the sum of $1,250 and instead of retaining as his fee the sum agreed upon in the contract, he paid to the appellee only the sum of $275, and converted the balance of said money belonging to appellee to his own use; prayer for judgment in the sum of $400.

To this complaint appellant filed an answer in three paragraphs: (1) A general denial; (2) an affirmative answer, which in effect was a plea of payment, setting forth a copy of the contract referred to in the complaint, and alleging that, in pursuance to said contract, appellant paid to appellee the sum of $625 in cash, or fifty per cent of the amount collected upon said claim; (3) that a judgment was rendered in the Probate Court against appellee upon her claim, and, in pursuance to a second agreement, the appellant perfected an appeal from said judgment to the Appellate Court, for which appellee agreed to pay appellant an additional sum of $350 if said cause should be reversed. This appeal was dismissed by court action, and a petition for rehearing filed; that, while said petition was pending, the claim was compromised, and settled for the sum of $1,250; that the appellant did not deduct the further sum of $350 from said settlement, but paid to the appellee the sum of $625 in cash, for which he took a written release, executed by the appellee for said sum.

To the second and third paragraphs of answer, appellee filed a reply in two paragraphs: (1) A general denial; (2) an affirmative reply setting up that appellant and appellee had an agreement for which appellant was

to receive fifty per cent of all sums collected; and that the claim was compromised for the sum of $1,250 while the case was still pending in the Appellate Court on appeal; and that the appellant received a check for the sum of $1,250 and cashed it and received the full sum thereon, paid to appellee the sum of $275 and no more; and that appellee is entitled to receive the sum of $375 and demands judgment.

The cause was tried to a jury which returned a verdict for appellee in the sum of $375, upon which judgment was rendered.

Appellant seasonably filed his motion for new trial, the overruling of which is the only error properly assigned for reversal. However, there was another error attempted to be assigned; namely, "the overruling of appellant's motion for a directed verdict at the close of all the evidence given in the case." This is not a proper assignment of error, and any question thereon can only be raised in a motion for a new trial.

The grounds set out in the motion for new trial which are presented by appellant are: (2) The court erred in admission of testimony of the witness Carl Krueger; (3) the court erred in overruling appellant's motion, at the close of all the evidence, for a directed verdict; (5) the court erred in refusing to give the appellant's instruction 1; (6) the court erred in refusing to give appellant's instruction 2; (7), (8), (9), and (10) the court erred in giving of its own motion instructions numbered respectively 4, 7, 8, and 9; (12) the verdict of the jury is contrary to law; (13) the verdict of the jury is not sustained by sufficient evidence.

The appellant attempted to challenge the giving by the court of instruction 14, but no question thereon is presented by appellant in his brief.

As to the admission of the testimony of Carl Krueger,

who is the husband of appellee, over the objection of appellant, the court committed no error. This ■ witness testified that appellee came out of the bank, walked to the automobile where he was waiting for her, and there in the auto, he and she counted the money that she had in her hand, and that the sum was only $265. Appellant objected to this testimony on the grounds that it was hearsay and outside of the issues, which objection is not well taken. No error was committed in the admission of this testimony.

The facts, as disclosed by the record, show that appellant is a practicing lawyer in the city of Indianapolis, and that in February, 1929, appellee employed ■ appellant to prosecute a claim of $3,900 she had against the estate of one Frank Lewis, and agreed in writing to pay him for his services a sum equal to fifty per cent of the amount recovered on account of said claim; the cause was tried in the Probate Court, and a judgment rendered against appellee; that appellant as the attorney of appellee and upon ·her behalf took an appeal to the Appellate Court; that before the appeal was taken, another agreement in writing was made in which it was stipulated that appellee was to pay to appellant a further sum of $350 in the event that the judgment obtained against appellee in the lower court was reversed. The appeal in the.Appellate Court was dismissed by order of the court, and thereafter appellant, as attorney for appellee, filed a petition for rehearing. While this petition was pending, a settlement was made of the claim in which appellant received on behalf of appellee the sum of $1,250 and later withdrew his application for rehearing in the Appellate Court; that arrangements were made between appellant and appellee to meet at a certain bank in the city of Indianapolis. Appellee testified that she met appellant in said bank, and while there signed a paper, which later

proved to be a release, in which she acknowledged the receipt of $625 as her share of said compromise settlement. Appellee endorsed the check, turned it over to Mr. Hatfield, who cashed it and told her that she would have to sign a release, which she did; that she endorsed the check before she signed the release, and Mr. Hatfield walked over to the cashier's counter, and cashed the check, and handed her a sum of money, and "told me (meaning appellee) we would have to hurry because the bank would have to close and then he told me, you owe me $10.00 for rent, and I took off a ten dollar bill and handed it to him. He handed me the money in a roll. No, I did not count it, did not think I had time. We went out of the bank to the car. I had the money in my hand, and started to count it. There was $265. . . . My husband was in the car at the time I counted the roll of bills." Appellant did not tell her that he was going to deduct $275 for any purpose, but told her she was to get half of it.

Appellant testified that he gave her the full $625 in the bank, and that appellee took it out of the bank with her, so the only controversy in this case resolves itself into the question, Did appellant pay to appellee the full sum of $625, being one-half of the proceeds derived from the settlement of her case?

The jury found for the appellee upon this question, and rendered a verdict in her favor. Since there is evidence to support this verdict, under the familiar rule of this court, it will not be disturbed. The verdict of the jury is sustained by sufficient evidence.

Appellant also raised in his motion for new trial the proposition that the court erred in overruling his motion for a directed verdict at the close of all the evidence. What we have said heretofore is applicable to this proposition, and the court did not err in overruling appellant's motion for a directed verdict.

Appellant's instructions 1 and 2 tendered by him are upon the proposition that the appellee was bound in any event by the release and receipt which she gave to appellant for the sum of $625, and in the absence of fraud she could not contradict the same. Under the evidence these two instructions were properly refused.

We have examined the instructions numbered 4, 7, 8, 9, given by the court, each of which is questioned by appellant, and we think that with the other instructions given by the court the jury was fairly instructed, and that each of said instructions correctly states the law. No reversible error was committed by the court in giving said instructions to the jury.

After an examination of the whole record, we think the case was fairly tried under the issues, and instructions given by the court, and a correct result reached. The verdict of the jury is not contrary to law. There being no reversible error, judgment is affirmed.